IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW A. CRAIG, | ) | Case No. 1:04CV1741 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Ann Aldrich |
| vs. | ) | |
| | ) | |
| | ) | |
| JOHN BRIGADIER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

In this action, originally filed in the Cuyahoga County Court of Common Pleas, Matthew Craig ("Craig") challenges the resolution of a dispute with his former employer, Riser Foods Company, d/b/a Giant Eagle, Inc. ("Giant Eagle"). On August 26, 2004, defendants alleged federal jurisdiction over Craig's claims under the Labor Management Relations Act (LMRA), 29 U.S.C. § 158(a), and removed the case to this court (Docket No. 1). On May 23, 2005, the court denied Craig's motion to remand the case (Docket No. 20), finding that Craig's claims of defamation, libel, slander, conspiracy, and tortious interference with contract are properly read as claims for improper discipline and discharge under the CBA, and thus completely pre-empted under § 301 of the LMRA. Now before the court is a motion for summary judgment under Federal Rule of Civil Procedure 56(c), filed by Giant Eagle (Docket No. 25). For the following reasons, the court grants this motion, and enters judgment in favor of all defendants.

**I. Background**

On July 27, 2003, Craig began work as a part-time grocery clerk at the Giant Eagle on Southland Drive in Middleburg Heights. As is required of all such Giant Eagle employees, Craig became a

member of United Food & Commercial Workers Union Local No. 880 ("UFCW"). Craig's employment was thus subject to the provisions of the current collective bargaining agreement ("CBA") governing the relationship between Giant Eagle and its UFCW member employees.

By the spring of 2004, Craig was given the title of "Manager in Charge," which carried with it some slight authority over other employees. (Craig has summarized the extent of his authority as the ability "to send [others] home for the remainder of their shift [sic] for insubordination.") John Brigadier was among the employees assigned to work shifts during which Craig served as "Manager in Charge."

On June 24, 2004, Brigadier lodged a complaint of sexual harassment against Craig. Giant Eagle authorities considered this complaint, along with several similar claims against Craig made by other employees, and on June 25, 2004, the company removed Craig's "Manager in Charge" title, without reduction in pay. On June 30, 2004, a meeting was held between Craig, Human Resources Manager Jacquelyn Lenson, and Manager of Employee Relations Larane Hulsman. The meeting did not proceed amicably (Craig reportedly walked out midway through), and Craig's employment was terminated shortly thereafter, for insubordination.

On July 13, 2004, Craig filed a formal grievance against Giant Eagle, alleging that he was wrongfully discharged for seeking redress against those making defamatory statements about him, and challenging various aspects of the company's process for handling sexual harassment claims. Craig demanded reinstatement and an award of lost wages. On July 27, 2004, Craig met with UFCW representatives and store management personnel for a grievance hearing. Following this meeting, Giant Eagle denied Craig's grievance, finding that he was terminated for just cause. Giant Eagle claims that

the parties also "met again subsequently, and the Company again denied the grievance." Defendants' Motion at 5.

On July 20, 2004, Craig filed a complaint in the Cuyahoga County Court of Common Pleas. (He amended the complaint on August 5, 2004). Craig named Giant Eagle as a defendant, as well as Giant Eagle employees John Brigadier and Jacquelyn Lenson, Brigadier's parents David and Sue, and an unnamed "John Doe" party (also employed by Giant Eagle). Craig's complaint includes 14 counts of slander, libel, defamation, tortious interference with employment and contractual relationships, and civil conspiracy allegedly committed by these parties, and/or various combinations thereof. As noted, Giant Eagle removed the case to this court on August 26, 2004, and the court upheld removal as proper.

On March 25, 2005, an arbitration hearing was held on Craig's appeal of the adverse decision(s) at the grievance stage. On June 22, 2005, arbitrator Patricia Thomas Bittel issued her post-hearing decision on the matter. The arbitrator ruled entirely in favor of Giant Eagle, finding that Craig was properly terminated for insubordination under the terms of the CBA, that Craig would not benefit from progressive discipline, and that Craig's version of events was not credible.

## II. Discussion

Under Rule 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004).

If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the

existence of a material dispute as provided in Rule 56(e):

> [a]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248. Determination of whether an issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the Court must decide whether the evidence is such that "reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Giant Eagle claims that no genuine issue of material fact remains on Craig's claims, owing to their preemption by the LMRA, and the final and binding decision of the arbitrator that Craig was terminated for just cause. In its May 23 order, the court agreed that "Craig's claims are all functionally

equivalent to a claim for breach of the collective bargaining agreement, and therefore pre-empted by the LMRA[.]" Docket No.20, at 3-4. "[R]esolution of Craig's claims of defamation, libel, slander, conspiracy, and tortious interference with contract and employment would require this Court to analyze and interpret the provisions of the applicable CBA ... these claims are therefore pre-empted under LMRA." *Id.* at 4.

Since the court issued its opinion on federal jurisdiction last May, the arbitrator has issued an opinion which obviates the need for any further analysis or interpretation. Besides allowing the case to proceed in federal court, complete LMRA preemption requires that the court enforce arbitration as Craig's exclusive venue for challenging his termination. As a member of UFCW, Craig is deemed to have bargained for a CBA provision allowing union representation in the grievance process, relinquishing in turn the right to challenge said process in federal court. As the Supreme Court has consistently held,

> [w]hen the parties include an arbitration clause in their collective-bargaining agreement, they choose to have disputes concerning constructions of the contract resolved by an arbitrator. Unless the arbitral decision does not draw its essence from the collective bargaining agreement, a court is bound to enforce the award and is not entitled to review the merits of the contract dispute.

*W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber*, 461 U.S. 757, 764 (1983)(quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 (1960)). "Subject to very limited judicial review, the employee will be bound by the result according to the finality provisions of the agreement." *Sparks v. International Union, United States Auto., Aerospace & Agricultural Implement Workers,* 980 F.2d 394, 398 (6th Cir. 1992)(citing *DelCostello v. Teamsters,* 462 U.S. 151, 164 (1983)).

In challenging the arbitral decision at issue here, Craig makes no allegation that could be read

as an appeal to the "essence of the collective bargaining agreement." Nor does he endeavor to prove that the Union's conduct in representing him was sufficiently poor as to constitute a breach of duty of fair representation -- an "indispensable predicate," *id.*, to bringing the type of action a court may hear "notwithstanding the outcome or finality of the grievance or arbitration proceeding." *DelCostello*, 462 U.S. at 164.

Instead, Craig limits his opposition to repeating his arguments that remand is proper, and agitating for a reversal of the applicable Sixth Circuit precedent. Craig may well believe that "Several [of the Circuit's] conclusions of law" have been "in error," Plaintiff's Memorandum in Opposition at 7, but this court is bound by those conclusions nonetheless. The court also stands by its determination that the facts of Craig's case bear more than a passing resemblance to those in *DeCoe v. General Motors Corp.*, 32 F.3d 212 (6th Cir. 1994) and *Jones v. General Motors*, 939 F.2d 380 (6th Cir. 1991), cases in which the discharged plaintiffs raised claims such as defamation, tortious interference, and intentional infliction of emotional distress. The Sixth Circuit upheld the finding of preemption in those cases; the provisions of the LMRA must likewise govern the resolution of Craig's claims.

Because Giant Eagle has successfully demonstrated that the arbitrator ruled in its favor, that the decision of the arbitrator was final, and that the provisions of both the LMRA and the relevant CBA require this court to enforce that decision against Craig, the company has carried its burden to show the absence of genuine issues of material fact concerning Craig's pre-empted claims. By re-asserting his previous unsuccessful arguments, and failing to challenge the validity of the arbitration process in any respect, Craig has not carried his corresponding burden in response. Summary judgment is therefore appropriate on all of Craig's claims.

### III. Conclusion

For the foregoing reasons, the court grants the motion for summary judgment, and enters judgment in favor of all defendants. The outstanding motion for a protective order, seeking a delay of the discovery process pending a ruling on the dispositive motion (Docket No. 27) is therefore denied as moot. The court further denies the defendants' motion for Rule 11 sanctions (Docket No. 34, alleging that Craig has frivolously joined uninvolved parties).

This order is final and appealable.

IT IS SO ORDERED.

                                                  s/Ann Aldrich
                                                  ANN ALDRICH
                                                  UNITED STATES DISTRICT JUDGE

**Dated: March 30, 2006**